## City of Harlan v. Jones.

March 22, 1949.

James S. Greene, Jr., G. E. Reams, and R. Kent Sampson for appellant.

J. J. Leary, John B. Carter, Daniel B. Smith, and Ray O. Shehan for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Reversing.

### Statement of the Case.

At the regular meeting of the Board of Councilmen of Harlan, Ky., a city of the fourth class, held on December 3, 1945, appellee, Fred M. Jones, was appointed

and employed as city attorney for a term of two years, beginning January 7, 1946, and ending January 5, 1948, at a salary of $100 per month, this salary being in accord with an ordinance of December 1, 1941, which fixed the salary of the city attorney at $1200 per annum, and which also fixed the salaries of other officials with which we are not here concerned. Appellee served the two years for which he was elected, receiving the full salary specified during that period. After the expiration of his term and on February 11, 1948, he brought this suit against appellant, city of Harlan, seeking recovery of additional fees totaling $6150 which he claims were collected by City Judge Howard as costs in criminal cases tried before him during the two years appellee was city attorney and to which costs appellee alleges he is entitled under the provisions of KRS 69.550, but which were paid into the city treasury along with the fines and other costs collected and which, he alleges, the city has failed and refused to pay to appellee. Demurrer to this petition was overruled.

In its answer, appellant admitted that costs, fines and fees in excess of $6150 had been collected during the two years involved, but denied that appellee was entitled to receive any additional fees or costs, but that his remuneration was limited to the $100 per month which he had received during his term in office. By paragraphs 2, 3 and 4 of its answer, appellant set up as defenses that the salary of appellee had been fixed at $100 per month by ordinance of 1941, and by the Council at the time of his appointment as authorized by KRS 69.560; that the Council did not elect to exercise the option to fix his compensation on the basis of a percentage of fines and forfeitures or fees and commissions as set out in KRS 69.550; that costs which had been collected in the police court were not for appellee's benefit but were turned over to the treasury for use and benefit of appellant, and appellee was entitled to no part thereof. Demurrer was sustained to paragraphs 2, 3 and 4 of the answer leaving only paragraph 1 which admitted most of the facts set out in appellee's petition. In spite of the sustaining of the demurrer to the greater part of the answer, which in effect upheld appellee's claim as a matter of law, the case went to trial before a jury but after introduction of a small amount of testimony given

by two witnesses for appellee and one for appellant, the trial court peremptorily instructed the jury to find a verdict for the plaintiff, appellee, in the sum of $6150, the amount claimed in the petition. From a judgment based on that verdict, this appeal is prosecuted.

### The Question Stated.

The sole question involved in this case is this: Is appellee limited to the salary of $100 per month fixed by the ordinance and terms under which he was elected by the Board of Councilmen on December 3, 1945, or is he allowed in addition thereto certain fees set up and referred to in KRS 69.550? That section reads as follows:

"The city attorney of a city of the fourth, fifth or sixth class may, at the option of the city legislative body, be allowed as compensation for his services in the police court thirty percent of all fines and forfeitures recovered by him and paid into the city treasury. If the fine is twenty-five dollars or less, exclusive of costs, a fee of five dollars shall be allowed him and taxed as costs against the defendant. The commission shall be paid to the city attorney at the next meeting of the city legislative body after the collection of the fines and forfeitures."

No claim is made by appellee for any percentage of the fines and forfeitures referred to in the first part of the above quoted section and he concedes that it is optional with the legislative body of the city whether this may be allowed a city attorney as part of his compensation. It is the latter part of the section on which he relies and it is his contention that where the fine is $25 or less, a fee of five dollars *must* be allowed him and taxed as costs, and that he is entitled to these fees during the time he served as city attorney in addition to the regular salary of $100 per month fixed by the Board of Councilmen at the beginning of his term.

Appellant relies on KRS 69.560, which provides for the election of a city attorney in cities of the fourth class, prescribes his qualifications, length of term, etc., and in the last two sentences of that section prescribes his duties and fixes the method of his compensation as follows:

"He shall prosecute all pleas of the Commonwealth

and all warrants or proceedings instituted for violation of the ordinances or municipal regulations of the city in the police court, attend the meetings of the city legislative body, advise it in all matters of litigation or legal proceedings, and perform any other duties in his department required by the city legislative body. The city legislative body shall fix his compensation by ordinance before his appointment or election.''

Appellant contends that pursuant to this section it did fix the compensation of appellee at $100 per month before his election, that appellee knew at the time that part of his duties was the prosecution of cases in the police court, that he accepted the office at the salary fixed and made no claim to any additional fees during the two years of his term in office; that it is apparent from the record that the claim for the additional fees which appellee is now making is an afterthought and that during the term of his office he considered his salary fixed by the Council as his sole remuneration. Otherwise, he would have insisted on periodical settlements of the fees to which he claimed to be entitled as provided in the last sentence of KRS 69.550, which says, ''The commission shall be paid to the city attorney at the next meeting of the city legislative body after the collection of the fines and forfeitures.''

The proof in this case was not important and the material facts are not disputed. That proof shows that before appellee was appointed city attorney and during and since his term, appellant has in all cases in which any costs were taxed, whether the fine was more or less than $25, taxed lump sums of $8 or $8.50, depending on whether there was an arresting fee of 50 cents, and when collected these costs have been turned into the city treasury. In breaking down these costs, Judge Howard, City Judge, testified $5 of this cost represented attorney's fee, $3 represented judge's cost and 50 cents arresting officer's fee, where an arrest was made. His monthly reports to the Council made no itemization of costs but simply showed the lump sum taxed and collected in each case. All these costs, whether attorney's fee, judge's fee or arresting fee, were turned over to the city treasury. It is shown by appellee's testimony that the total sum of all these costs which were taxed as attorney's fee in cases where the fines were less than $25 totaled

the sum of $6150 during his term of office; that he had never been paid any part thereof and admitted on cross examination that he had never demanded of the city that he be paid any of this sum until after his term of office expired, giving as his reason that it was their business to pay him and he was satisfied to let it accumulate.

Coming now to the construction to be placed on KRS 69.550: It is appellee's contention that this section should be broken into two distinct parts, that the first part relates only to fines and forfeitures and he admits that as to these it is optional with the legislative body of a city of the fourth, fifth or sixth class whether it shall allow its city attorney a percentage of these fines and forfeitures for his services in the police court. But, he contends, if the fine is $25 or less, then the option, which the city had when the fines were above that sum, ceases and in all such cases the city must allow him a fee of $5 to be taxed as costs. In other words, it is optional with the city where the fine is over $25 but compulsory where the fine is under that amount.

We think the section should be construed as a harmonious whole and that it cannot be split up and made to mean two different things dependent on whether the fine in a particular case is more or less than $25. Furthermore, we think that Sections 69.550 and 69.560 can and should be construed together to carry out the apparent legislative intent. The latter part of 69.560, quoted above, sets out the various duties of the city attorney, including his duties in prosecuting cases in the police court, and requires that the Council shall fix his compensation by ordinance before his appointment. Section 69.550 then gives the Council the option, in fixing this compensation, that at least a part thereof may be a percentage of the fines and forfeitures recovered by him if the fine is over $25 and a flat fee of $5 where the fine is under $25. We do not think the Legislature intended to separate these two parts of this section at the $25 level and make fish of one and fowl of the other by making it optional that a percentage of these fees be allowed above that level and compulsory that a $5 fee be allowed below that level. Instead we think the flat fee below the $25 level was intended as a minimum below which the fee or commission would not be allowed to go regardless of the smallness of the fine that might be

imposed. In other words, we think this $5 was simply a floor placed under the amount he might receive in any case when his compensation was to be fixed on this basis. We can see no other logical reason why the separation would be made at the $25 level by making it optional that the city attorney be paid a percentage above that level and compulsory that he be paid the flat $5 fee below that level.

It is appellee's contention that the city was without authority to collect the $5 costs which it did collect under KRS 69.550 unless it collected them as fees for the city attorney and that it had no right to turn such fines over to the city treasury for its own use. However, we think this contention is not well taken because KRS 26.530(4), relating to fourth class cities specifically provides that all fees in the police court in other than civil cases shall be paid into the city treasury for use of the city.

Construing together KRS 26.530(4), KRS 69.550 and 69.560, we are of the opinion that appellant, a city of the fourth class, had the right to cover into its treasury all fines, forfeitures and fees collected by it under KRS 69.550 and then to employ a city attorney fixing his compensation at a salary, as it did when it employed him under the provisions of KRS 69.560, and without exercising the option which it had under KRS 69.550 of compensating him with fees and a percentage of the fines and forfeitures. Appellee, having accepted the employment for the term of two years on the salary basis and having thus entered into a contract with the city for that compensation, cannot now claim as additional compensation fees which the city collected and turned into its treasury to be used in paying his salary and for other uses.

## Conclusion.

There appears to be no good reason why this suit was brought as a common law action instead of one for a declaration of rights, since the question involved is purely a legal one and could have been determined on a demurrer to a properly prepared petition. Instead of the peremptory instruction for the appellee, the lower court should have directed one for appellant. Since there will not be another trial, the judgment is reversed with directions to dismiss appellee's petition.